# DILG *v.* MOORE.

---

PATENTS; APPEALS; CLAIMS.

Where an applicant, after filing a divisional application, inserted additional claims, which were rejected by the Commissioner because they were not described or disclosed in his original application, and on appeal this court affirmed the Commissioner's decision, whereupon the applicant filed a bill in equity under sec. 4515, Rev. Stat., to compel the Commissioner to issue him a patent, this court affirmed a decree of the lower court dismissing the bill, on the ground that there was nothing to show that appellant had improved his position since his first appeal. (Following *Re Dilg*, 25 App. D. C. 9.)

No. 2017. Submitted November 23, 1909. Decided November 30, 1909.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, dismissing a bill in equity to compel the Commissioner of Patents to issue a patent containing certain claims.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Wallace Greene, Mr. Henry D. Williams,* and *Mr. Victor D. Borst* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decree of the supreme court of the District of Columbia dismissing a bill in equity to compel the Commissioner of Patents to issue a patent to appellant, Christian F. Dilg, containing the claims here in issue. Sec. 4915 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 3392), under which this action was brought, is as follows:

"Whenever a patent on application is refused, either by the Commissioner of Patents or by the supreme court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court, having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

The invention in issue relates to rings or retaining devices for holding in place the balls used in ball-bearings. It consists of a flat ring having upon its edges oppositely disposed vertical projections or standards. The end portions of the projections on one edge of the ring are bent over at right angles, forming flat angular flaps extending over to the top of the projections on the other edge of the ring in a plane parallel to its edges. The issue is embodied in the following counts:

"14. A ball retaining device for ball-bearings consisting of a ring-shaped portion or base having series of standards springing from one edge thereof only and provided with sector-shaped or flaring angularly-arranged extensions, whereby suitable spaces are formed for receiving and confining the balls between adjacent standards.

"15. A ball-retainer of an annular base portion and a series of integral parts extending from one edge only of said base, and having flaring portions arranged at an angle thereto, whereby suitable spaces are formed for receiving balls which are sprung into said spaces and confined between said parts.

"16. A ball-retaining device for ball-bearings, consisting of a ring-shaped portion or base having a series of standards springing axially from one edge thereof only and terminating in sector-shaped or flaring angularly-arranged flanges or extensions; whereby suitable spaces are formed for receiving and confining the balls between adjacent standards."

It appears that appellant filed an application for letters patent on October 18, 1897, and, on February 16, 1900, in accordance with the requirements of the Patent Office, filed a divisional application, covering the same subject-matter, which latter is the one involved in this cause. On September 1, 1903, appellant inserted five claims in the divisional application, four of which were rejected by the Primary Examiner. On appeal to the board of Examiners-in-Chief, one additional claim was allowed. An appeal was then taken to the Commissioner of Patents, who affirmed the decision of the Examiners-in-Chief, which decision was, in turn, affirmed by this court. Thereupon, appellant filed a bill in equity in the supreme court of the Dis-

trict to compel the issuance of the patent sought, as permitted by the Revised Statutes, and, from the decision of the court dismissing the bill, the case comes here on appeal.

We have examined carefully the evidence adduced in support of appellant's contention in the court below. One witness testified that, in his opinion, the elements of the claims in issue are present in appellant's original structure. Three other expert witnesses testified, not one of whom was examined upon this crucial point. Appellee presented no evidence, electing to stand upon the record made in the Patent Office. Upon that record, all three tribunals ruled against appellant.

On the appeal from the decision of the Commissioner of Patents, this court held that appellant had no right to make the claims in question, because the elements of the claims were neither described nor disclosed in his original application. *Re Dilg,* 25 App. D. C. 9. We are unable to discover wherein the position of appellant has been improved since his last appearance in this court. At that time, his right to make these claims was carefully considered, and we find no reason to change or revise the opinion then given.

The decree of the Supreme Court of the District of Columbia dismissing the bill is affirmed, with costs. *Affirmed.*